(Supreme Court, Special Term, Kings County. July, 1904.)

1. ACTION ON NOTE—ANSWER.

The indorsee of a note in an action thereon against the maker alleged that the payee had indorsed it to him, and that he was ever since such indorsement the owner and holder thereof. *Held*, that the answer denying that the notes were transferred or delivered by the lawful holder to plaintiff, or that plaintiff is the lawful holder or owner, was frivolous.

2. PAYMENT—PLEADING.

Payment must be pleaded as a defense, and a denial alone cannot raise that issue.

Action by the First National Bank of Fort Wayne against Herbert T. Jennings. Motion to strike out the answer as sham, and for such other relief as may be just. Judgment for plaintiff.

Louis F. Doyle, for plaintiff.

Sanders & Gray, for defendant.

GAYNOR, J. The action is on two promissory notes against the maker. The complaint alleges that each note was endorsed by the

¶ 2. See Bills and Notes, vol. 7, Cent. Dig. § 1535; Payment, vol. 39, Cent. Dig. §§ 143½, 145.

payee (a corporation), "and by it delivered so endorsed for value to this plaintiff, which ever since has been and now is the owner and holder thereof." The answer is that the defendant denies that he has any knowledge or information sufficient to form a belief whether or not the notes were "transferred or delivered by the lawful or other holders to the plaintiff," and "whether or not the plaintiff is the lawful owner and holder of said notes." The verification is by one of the attorneys for defendant.

The answer is frivolous. There is no denial of the plain allegation that the payee endorsed the note and delivered it to the plaintiff for value. Instead, the denial is that the note was transferred by "the lawful or other holders thereof to the plaintiff." The complaint does not allege that the note was transferred to it by "holders," or by the "lawful or other holders," but that it was endorsed and delivered by the payee. The answer is evidently a false device, and should be subjected to strict construction. The allegation of the complaint that the note was made and delivered to the payee is not denied. Hence it is undisputed that it was the lawful holder. The allegation of the complaint that the payee transferred the note to the plaintiff for value therefore shows that the lawful holder transferred to the plaintiff. The denial that "the lawful or other holders" transferred to the plaintiff is therefore nothing but a mere statement of a false conclusion of law on the undisputed facts. And the same is the case of the denial that the plaintiff is the lawful owner or holder. The undenied facts show that it is.

The denial in the second paragraph that the defendant "is indebted to the plaintiff in the amount set forth in the complaint" raises no issue. It is a mere statement of a false conclusion on the undenied facts, i. e., that the defendant made and delivered the notes and that they were transferred to the plaintiff by the payee. If they have been paid in whole or in part that has to be pleaded as a defence; a denial cannot raise that issue.

Judgment for the plaintiff on the answer as frivolous.